plaintiff, who said he wished to give it to his wife, gave it to the witness, and she sent it down to the office for safe-keeping. Subsequently the money was given to the plaintiff's wife by Miss Reptic.

Schwemler, a fellow patient, testifies that after the transaction he asked the plaintiff if he had not been foolish "to sign for that amount," and that the plaintiff replied that he did not wish the trouble of taking the case to court, and that he was satisfied. Dr. Hepler, the hospital physician who treated the plaintiff, testifies that the plaintiff told him that he had received money in settlement, and Miss Schwarz, the night nurse, testifies that she talked on that day with the plaintiff about the settlement. Dr. Nuse did not see the execution of the papers, but he saw the money pass, the plaintiff apparently count it over and place it under his pillow, and thereafter the witness talked with the plaintiff as to his condition.

Although the trial court did not err in the submission to the jury of the question raised by the pleading of the release, I think that it could have well set aside the verdict for the same reason that compels us to reverse this judgment, namely, that upon the proof the plaintiff was not entitled to an avoidance of that instrument. I shall not discuss the question of liability, but this omission is not to be taken as favorable to either party. The release was a vital issue, and before the plaintiff could recover he must be freed from its effect. Blair v. Utica & Mohawk Valley Railway Co., 112 App. Div. 609–612, 98 N. Y. Supp. 614.

When a case of negligence involves a release, it seems that such issue is often disregarded by a jury if it is convinced that the defendant is liable upon the issue of negligence. Such course is an exhibition of sympathy with suffering. And explanation may be found if the consideration for the release appears to the jury inadequate compensation for the injuries. Very recently we have expressed an opinion of the propriety of an exercise of discretion by the court to order a separate and prior trial of an issue raised by an affirmative defense of a release, in a case of negligence. Warner v. Star Co., 162 App. Div. 458, 147 N. Y. Supp. 803.

The judgment and order are reversed, and a new trial is granted; costs to abide the event. All concur.

---

POLSTEIN v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, Limited.

(Supreme Court, Appellate Term, First Department. April 22, 1915.)

1. APPEAL AND ERROR ☜964—REVIEW—SHORT-CAUSE CALENDAR—DISCRETION OF COURT.

Where plaintiff moved to place the case on the short-cause calendar, the moving affidavits stating that he would need but 2 witnesses, while those of the defendant in opposition claimed it would require 10 or 12, neither side showing what it expected to prove, or the probable duration of testimony, since the court had the complaint before it, and could consider the nature of the action, and the character of the defense, as well

as the affidavits, it was within its sound discretion to determine whether the case could be tried within the two-hour limit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3834; Dec. Dig. ⊜⇒964.]

2. TRIAL ⊜⇒12—MOTION TO PLACE ON SHORT-CAUSE CALENDAR—PENDENCY OF ANOTHER MOTION—STATUTE.

Plaintiff's motion to place case on short-cause calendar was not prematurely granted, when, at the time it was made, defendant had a motion pending for an order to compel plaintiff to reply to certain defenses set up on the answer, since such motion did not itself act as a stay, prohibiting the court from ordering the case to the short-cause calendar; the granting of defendant's motion being discretionary with the court, while it had not been heard or determined, and no order in reference thereto had been made or entered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 31; Dec. Dig. ⊜⇒12.]

3. TRIAL ⊜⇒12—SHORT-CAUSE CALENDAR—MOTION TO PLACE CASE.

Where the court, after granting plaintiff's motion to place case on the short-cause calendar, in compliance with defendant's motion to compel plaintiff to reply to the answer ordered that the issues should remain as of original date, and the case retain its position on the calendar, the order was proper, since, until the case was reached for trial, there could be no compelling reason for further delay on the ground that issues had not been fully joined.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 31; Dec. Dig. ⊜⇒12.]

4. TRIAL ⊜⇒12—SHORT-CAUSE CALENDAR—MOTION TO PLACE CASE.

Where an order was granted on motion of plaintiff to place the case on the short-cause calender, and thereafter plaintiff moved to vacate such order, believing it to have been prematurely granted, the judge granting the motion to vacate conditionally on the payment of disbursements and costs, a second order placing the case on the calendar was improperly granted, since the first order was in full force and effect; no unconditional order vacating it having been entered of record.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 31; Dec. Dig. ⊜⇒12.]

Pendleton, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Isaac Polstein against the General Accident, Fire & Life Assurance Corporation, Limited. From two orders listing the case for trial on the short-cause calendar, defendant appeals. First order affirmed; second order reversed.

Argued April Term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Joseph L. Prager, of New York City (Abram Silverman, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Leo J. Rosett, of New York City, of counsel), for respondent.

GUY, J.  [1-3]  This action is brought upon a policy of insurance to recover for the value of jewelry alleged to have been stolen from plaintiff's premises on March 15, 1914.  The first appeal in this case was taken on February 25, 1915, and is an appeal from an order made on February 23, 1915, which placed the trial of the action upon the short-cause calendar of the City Court, and the notice of appeal also brings up for review so much of an order entered on the 24th day

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of February, 1915, as provided, upon a motion made by defendant to compel plaintiff to reply to certain defenses, that the issues remain as of the original date, and that the case retain its position on the calendar. The facts are as follows:

On February 19, 1915, the defendant moved for an order compelling plaintiff to reply to certain separate defenses set up in the answer. This motion was returnable on February 24th. Later, and on the same day, the plaintiff moved for an order placing the case on the short-cause calendar. Plaintiff's motion was returnable on February 23d, one day prior to the return of the defendant's motion. Plaintiff's motion was granted, and an order entered on February 23d, placing the case upon the short-cause calendar for trial. The following day the defendant's motion to compel plaintiff to reply was granted, and the following order entered:

"Upon the foregoing papers this motion is granted, reply to be served within six days after service of a copy of this order, with notice of entry thereof. Issue to remain as of original date, and case to retain its position upon the calendar."

It is urged upon the part of the appellant that the order failed to show with reasonable certainty that the case was one which could be tried within two hours. The moving affidavits, after setting forth the cause of action, and the nature of the defenses, states that the plaintiff will need but one or two witnesses, and the defendant's opposing affidavits claim that the defense will require ten or twelve witnesses. Neither side showed what they expected to prove by their witnesses, or the probable duration of their testimony; but the court below had the complaint before it, and could consider the nature of the action, and the character of the defense, as well as the affidavits, and we cannot say that it abused the discretion given it to determine whether or not the case could be tried within the limit prescribed.

The appellant also alleged that the order was prematurely granted, as at the time the same was made there was a motion pending, returnable the next day, for an order compelling the plaintiff to file a reply to certain defenses set up in the answer. There is no force in this contention. The motion made to compel plaintiff to reply did not in itself operate as a stay, prohibiting the court from ordering the case upon the short-cause calendar. The granting of that motion was discretionary (section 516, Code of Civil Procedure), and when the order of February 23d was made the motion of defendant to compel plaintiff to file a reply had not been heard or determined, and no order in reference thereto had been made or entered. The court below was also well within its right in providing, in the order of February 24th:

"The issues to remain as of original date, and case to retain its position on the calendar."

If, when the case had been reached for trial, the issues had not then been fully joined, that would have been a compelling reason, either for further delay of the trial, or in support of a motion to vacate the order of February 23d. Both the orders were properly made, and consequently the order appealed from should be affirmed, as well as that portion of the order of February 24th brought up for review.

[4] The second appeal is also by defendant, and is from a second order placing the case upon the short-cause calendar, and also vacating a stay previously granted, staying plaintiff from proceeding with the trial until the hearing of the appeal from the first order above considered. The second order was made under the following circumstances: The plaintiff, erroneously believing that the order of February 23d placing the case upon the short-cause calendar had been prematurely granted, on March 8, 1915, moved for an order vacating the order of February 23d aforesaid, and vacating the stay pending the appeal from that order, and also for an order placing the case upon the short-cause calendar. This order was returnable on March 15, 1915, before the justice who made the first order of February 23d. Upon the hearing of this motion the justice made a memorandum upon the papers as follows:

"Motion granted, upon payment of disbursements and costs to March 8, 1915."

The justice made another memorandum, referring the motion to short-cause the case to another justice, who was then sitting in the part where such motions are heard, and on the same day, March 15th, this latter justice made an order as follows:

"Case ordered advanced to short-cause calendar for March 22, 1915. The stay contained in the order of March 1, 1915, is vacated."

We need not consider the merits of the order vacating the stay, as at this time that is of no importance. It is clear, however, that the second order placing the case upon the short-cause calendar was improperly granted. No order vacating the first order of February 23d appears to have been entered, and all that appears in the record is the memorandum, above referred to, granting the motion to vacate upon payment of costs and disbursements, so that, at the time the order of March 15th was entered, the order of February 23d was in full force and effect. No order had been entered vacating it, and none appears in the record. All that had been done was an indorsement upon the papers, made by the justice who originally made the order, to the effect that the motion to vacate it would be granted upon payment of costs and disbursements. Undoubtedly the justice who made the original order had power to vacate it; but, at the time the second order was made, that power, although evidently exercised, had not ripened into a valid and enforceable order, and consequently, as before stated, when the second was made, the original order was in force.

It is stated in appellant's brief that on March 17th, which it will be seen is two days after such order appealed from was made, an order vacating the first order was entered, and that this order directed the payment of costs, etc., but not as a condition for granting it. Assuming this to be true, it could have no effect upon the determination of these appeals, as they must be decided upon the record as it comes before us. It might be urged with some force that the making of the second order appealed from violated no substantial right of the appellant, as, the first order being valid, the situation was not affected by the second one; but this order is upon the record, and orderly practice requires that it should not be allowed to stand. If an order

has been entered vacating the first order placing the case upon the short-cause calendar, the foregoing disposition of these appeals leaves the case upon the trial calendar, but not upon the short-cause calendar. . The plaintiff, however, is responsible for this situation by reason of the procurement of the vacation of a perfectly valid order short-causing the case.

Order of February 23, 1915, and that portion of the order of February 24, 1915, appealed from, affirmed, with $10 costs and disbursements. Order of March 15, 1915, so far as it orders the case upon the short-cause calendar, reversed, with $10 costs and disbursements, and, so far as it vacates the stay of March 1st, affirmed, without costs. Costs and disbursements of one party to be offset against those of the other.

BIJUR, J., concurs.

PENDLETON, J. I dissent from so much of the opinion herein as reverses the order of March 15th, putting the case on the short-cause calendar. The only objection to the order seems to be that another similar order had not been actually vacated, although a decision that it should be had been made. Even if an order on this decision vacating the order of February 23d were never entered, the only result would be two orders to the same effect in the records. No possible injury could be thereby occasioned any one. The only result of reversing will be to necessitate another motion, to take up the time of the court unnecessarily and impose further expense on the litigants.

Both orders appealed from should be affirmed, with costs and disbursements.